**ARNOLD & PORTER KAYE SCHOLER LLP**
Joseph A. Greenaway, Jr.
250 West 55th Street
New York, NY 10019
Tel.: 212.836.7880
Joseph.Greenaway@arnoldporter.com

Attorney for Defendant
Samsung Electronics America, Inc.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SUSAN ZABRANSKY, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG ELECTRONICS CO., LTD.,<br><br>Defendants. | Civil Action No.: 2:24-cv-02133-EP-MAH<br><br>Motion Return Date: August 19, 2024<br><br>**ORAL ARGUMENT REQUESTED** |

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.'S MOTION TO DISMISS THE COMPLAINT UNDER RULE 12(b)(1) AND RULE 12(b)(6)

# TABLE OF CONTENTS


INTRODUCTION ....................................................................................1

BACKGROUND ....................................................................................2

A. Plaintiff's Washing Machine and Applicable Limited Warranty .........2

B. Plaintiff's Asserted Claims..........................................................................4

LEGAL STANDARD..................................................................................6

ARGUMENT ..........................................................................................7

I. Plaintiff Does Not State Viable Claims for Breach of Warranty (Counts I and II)...........................................................................7

A. The Timing of the Warranty Claims Makes Them Unactionable.........7

1. The Statutes of Limitations Have Run .....................................7

2. The Limited Warranty Period Has Long Since Expired.............8

B. Plaintiff Cannot Plausibly Allege that Samsung's Limited Warranty Is Unconscionable ..............................................................10

C. Plaintiff Cannot State an Implied-Warranty Claim (Count II) ...........13

1. The Limited Warranty Expressly Disclaimed Any Implied Warranties ....................................................................13

2. No Implied Warranty Applies on the Face of the Complaint.......................................................................14

i. Merchantability...........................................................14

ii. Fitness for a Particular Purpose.....................................16

II. Plaintiff Does Not Plausibly Allege NJCFA and Common-Law Fraud Claims (Counts V and VI) ..........................................................17

A. Plaintiff Fails to Allege a Deceptive Misrepresentation or Omission.........................................................................................18

B. Plaintiff Fails to Allege Reliance or Causation..................................21

C. Plaintiff Fails to Allege Ascertainable Loss as Required for Her NJCFA Claim ...............................................................................23

D. Plaintiff Fails to Allege Samsung's Knowledge of Any Alleged Defect, as Required for Her Omission-Based NJCFA and All Common-Law Fraud Claims ........................................................25

E. Plaintiff Fails to Allege Fraudulent Intent as Required for Her Omission-Based NJCFA and All Common-Law Fraud Claims .........29

F. Plaintiff Fails to Allege that Samsung Had a Duty to Disclose as Required for Her Omission-Based Common-Law Fraud Claim ........31

III. Plaintiff Cannot State a TCCWNA Claim (Count VII) ................................32

IV. Plaintiff Cannot State an Unjust Enrichment Claim (Count IV)...................33

V. Plaintiff's Claim for Injunctive Relief Should Be Dismissed (Count III) ....35

VI. Plaintiff Lacks Article III Standing to Bring Suit for Washing Machines She Did Not Purchase or Use .........................................................................36

VII. Plaintiff Does Not Plead a Basis for Punitive Damages ...............................38

VIII. The Complaint Should Be Dismissed With Prejudice ..................................39

CONCLUSION ..........................................................................................................40

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*ACH Enters. 1 LLC v. Viking Yacht Co.*,
817 F. Supp. 2d 465 (D.N.J. 2011) ........ 8

*Adamson v. Ortho-McNeil Pharm., Inc.*,
463 F. Supp. 2d 496 (D.N.J. 2006) ........ 19

*Advanced Drainage Sys., Inc. v. Site Co Materials, Inc.*,
2014 WL 1092809 (D.N.J. Mar. 18, 2014) ........ 14

*Alban v. BMW of N. Am.*,
2011 WL 900114 (D.N.J. Mar. 15, 2011) ........ 11

*All Seasons Home Improvement Co. v. Arch Concept Constr., Inc.*,
2018 WL 3928787 (D.N.J. Aug. 16, 2018) ........ 28, 35

*Amato v. Subaru of Am., Inc.*,
2019 WL 6607148 (D.N.J. Dec. 5, 2019) ........ 10

*Argabright v. Rheem Mfg. Co.*,
201 F. Supp. 3d 578 (D.N.J. 2016) ........ 10, 11, 13, 22

*ASAH, The Children's Inst. v. N.J. Dep't of Educ.*,
2017 WL 2829648 (D.N.J. June 30, 2017) ........ 35

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........ 6

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ........ 6

*Bosland v. Warnock Dodge, Inc.*,
197 N.J. 543 (2009) ........ 25

*Bullard v. Jaguar Land Rover Auto. PLC*,
2023 WL 4845873 (D.N.J. July 28, 2023) ........ 15

*Burrell v. Staff*,
60 F.4th 25 (3d Cir. 2023) ........ 34

*Carrington Tea Co. v. Pretium Packaging L.L.C.*,
2023 WL 2182310 (D.N.J. Feb. 23, 2023) ....................16, 17

*CBD & Sons, Ltd. v. Setteducati*,
2019 WL 396982 (D.N.J. Jan. 31, 2019) ....................33

*Coba v. Ford Motor Co.*,
2013 WL 244687 (D.N.J. Jan. 22, 2013) ....................32

*Cruz v. City of Camden*,
898 F. Supp. 1100 (D.N.J. 1995) ....................40

*David v. Volkswagen Grp. of Am., Inc.*,
2018 WL 1960447 (D.N.J. Apr. 26, 2018) ....................36

*DeGennaro v. Am. Bankers Ins. Co. of Fla.*,
737 F. App'x 631 (3d Cir. 2018) ....................17

*Delia v. Erickson*,
1989 WL 201023 (D.N.J. May 23, 1989) ....................14

*Dewey v. Volkswagen AG*,
558 F. Supp. 2d 505 (D.N.J. 2008) ....................*passim*

*Dock v. Rush*,
432 F. App'x 130 (3d Cir. 2011) ....................40

*Duffy v. Samsung Elecs. Am., Inc.*,
2007 WL 703197 (D.N.J. Mar. 2, 2007) ....................24

*Duquesne Light Co. v. Westinghouse Elec. Corp.*,
66 F.3d 604 (3d Cir. 1995) ....................9

*Dzielak v. Whirlpool Corp.*,
2019 WL 6607220 (D.N.J. Dec. 5, 2019) ....................16

*Ensey v. Gov't Emps. Ins. Co.*,
2013 WL 5963113 (D.N.J. Nov. 7, 2013),
*aff'd*, 663 F. App'x 172 (3d Cir. 2016) ....................32, 33

*Fahs Rolston Paving Corp. v. Pennington Props. Dev. Corp.*,
2007 WL 2362606 (D.N.J. Aug. 14, 2007) ....................40

*Fishman v. Gen. Elec. Co.*,
2014 WL 1628369 (D.N.J. Apr. 23, 2014)........................................................11

*Flexco Microwave, Inc. v. MegaPhase LLC*,
2015 WL 5037721 (D.N.J. Aug. 24, 2015) .......................................................30

*Franulovic v. Coca Cola Co.*,
2007 WL 3166953 (D.N.J. Oct. 25, 2007) ........................................................16

*Frederico v. Home Depot*,
507 F.3d 188 (3d Cir. 2007) ........................................................................18, 23

*Fuqua v. Bristol-Myers Squibb Co.*,
926 F. Supp. 2d 538 (D.N.J. 2013)....................................................................20

*Gilliam v. Liberty Mut. Fire Ins. Co.*,
2014 WL 10191547 (D.N.J. Sept. 26, 2014).....................................................38

*Gillman v. Rakouskas*,
2017 WL 379433 (D.N.J. Jan. 26, 2017)...........................................................39

*GKE Enters., LLC v. Ford Motor Credit Co. LLC USA*,
2010 WL 2179094 (D.N.J. May 26, 2010)........................................................17

*Glauberzon v. Pella Corp.*,
2011 WL 1337509 (D.N.J. Apr. 7, 2011)..........................................................20

*Gotthelf v. Toyota Motor Sales, U.S.A., Inc.*,
525 F. App'x 94 (3d Cir. 2013) ...........................................................................9

*Granillo v. FCA US LLC*,
2016 WL 9405772 (D.N.J. Aug. 29, 2016) .........................................................4

*Green v. Green Mountain Coffee Roasters, Inc.*,
279 F.R.D. 275 (D.N.J. 2011)............................................................................15

*Haas v. Pitt. Nat'l Bank*,
526 F.2d 1083 (3d Cir. 1975) ....................................................................37, 38

*Hatteras Press, Inc. v. Avanti Comput. Sys. Ltd.*,
2017 WL 2838349 (D.N.J. June 30, 2017)........................................................35

*Hemy v. Perdue Farms, Inc.*,
2011 WL 6002463 (D.N.J. Nov 30, 2011) ........................................................19

*Hill v. City of Scranton*,
411 F.3d 118 (3d Cir. 2005) ........................................................................40

*Huffman v. Electrolux of N. Am., Inc.*,
961 F. Supp. 2d 875 (N.D. Ohio 2013) ...........................................................12

*Hughes v. Panasonic Consumer Elecs. Co.*,
2011 WL 2976839 (D.N.J. July 21, 2011) ........................................................20

*In re Caterpillar, Inc., C13 & C15 Engine Prods. Liab. Litig.*,
2015 WL 4591236 (D.N.J. July 29, 2015) ..................................................12, 24

*In re Johnson & Johnson Talcum Powder Prods. Mktg.*,
903 F.3d 278 (3d Cir. 2018) ..........................................................................7

*In re Rockefeller Ctr. Props., Inc. Sec. Litig.*,
184 F.3d 280 (3d Cir. 1999) ..........................................................................4

*In re Rockefeller Ctr. Props., Inc. Sec. Litig.*,
311 F.3d 198 (3d Cir. 2002) ........................................................................17

*In re Subaru Battery Drain Prods. Liab. Litig.*,
2021 WL 1207791 (D.N.J. Mar. 31, 2021) .......................................................37

*In re Suprema Specialties, Inc. Sec. Litig.*,
438 F.3d 256 (3d Cir. 2006) ........................................................................18

*James v. Richman*,
547 F.3d 214 (3d Cir. 2008) ........................................................................35

*Kalow & Springnut, LLP v. Commerce Corp.*,
2008 WL 2557506 (D.N.J. June 23, 2008).......................................................21

*Kousis v. Fid. & Guar. Ins. Underwriters, Inc.*,
2023 WL 6141237 (D.N.J. Sept. 20, 2023).......................................................39

*Lewis v. Casey*,
518 U.S. 343 (1996)....................................................................................37

*Lieberson v. Johnson & Johnson Consumer Cos., Inc.*,
865 F. Supp. 2d 529 (D.N.J. 2011)....................36, 37

*Lightning Lube, Inc. v. Witco Corp.*,
4 F.3d 1153 (3d Cir. 1993)....................31, 32

*M & M Trucking Gudullu, LLC v. Liberty Kenworth-Hino Truck Sales, Inc.*,
653 F. Supp. 3d 162 (D.N.J. 2023)....................13

*Majdipour v. Jaguar Land Rover N. Am., LLC*,
2015 WL 1270958 (D.N.J. Mar. 18, 2015)....................31

*Malleus v. George*,
641 F.3d 560 (3d Cir. 2011)....................6

*Marcus v. BMW of N. Am., LLC*,
687 F.3d 583 (3d Cir. 2012)....................24

*McCoy v. Samsung Elecs. Am., Inc.*,
2023 WL 6140641 (D.N.J. Sept. 20, 2023)....................15

*McMahon v. Volkswagen Aktiengesellschaft*,
2023 WL 4045156 (D.N.J. June 16, 2023) (Padin, J.)....................29

*McQueen v. BMW of N. Am., LLC*,
2013 WL 4607353 (D.N.J. Aug. 29, 2013)....................4, 26, 29

*Mladenov v. Wegmans Food Mkts., Inc.*,
124 F. Supp. 3d 360 (D.N.J. 2015)....................21

*MZL Cap. Holdings, Inc v. TD Bank, N.A.*,
734 F. App'x 101 (3d Cir. 2018)....................29

*N.J. Coal. of Automo. Retailers, Inc. v. Mazda Motor of Am., Inc.*,
2021 WL 2660309 (D.N.J. June 29, 2021)....................35

*N.J. Physicians, Inc. v. President of U.S.*,
653 F.3d 234 (3d Cir. 2011)....................36

*Neus v. Rubi Rose, LLC*,
2017 WL 2367056 (D.N.J. May 31, 2017)....................33, 34

*Nobile v. Ford Motor Co.*,
2011 WL 900119 (D.N.J. Mar. 14, 2011) ....................................................9

*Noble v. Porsche Cars N. Am., Inc.*,
694 F. Supp. 2d 333 (D.N.J. 2010)..........................................................24

*Oliver v. Funai Corp., Inc.*,
2015 WL 9304541 (D.N.J. Dec. 21, 2015).................................26, 28, 34

*Panella v. O'Brien*,
2006 WL 2466858 (D.N.J. Aug. 24, 2006) ................................................21

*Perkins v. DaimlerChrysler Corp.*,
890 A.2d 997 (N.J. Super Ct. App. Div. 2006) .........................................25

*Ponzio v. Mercedes-Benz USA, LLC*,
447 F. Supp. 3d 194 (D.N.J. 2020)..........................................10, 13, 23, 24

*Rait v. Sears, Roebuck & Co.*,
2009 WL 2488155 (D.N.J. Aug. 11, 2009) ................................................27

*Read v. Profeta*,
397 F. Supp. 3d 597 (D.N.J. 2019)...........................................................19

*S. Jersey Gas Co. v. Mueller Co.*,
2010 WL 1742542 (D.N.J. Apr. 27, 2010),
*aff'd*, 429 F. App'x 128 (3d Cir. 2011).......................................................8

*Santiago v. Total Life Changes LLC*,
2022 WL 2619855 (D.N.J. July 7, 2022) ...................................................30

*Sauer v. Subaru of Am., Inc.*,
2020 WL 1527779 (D.N.J. Mar. 31, 2020) ................................................38

*Sauro v. L.A. Fitness Intern., LLC*,
2013 WL 978807 (D.N.J. Feb. 13, 2013)...................................................33

*Schechter v. Hyundai Motor Am.*,
2020 WL 1528038 (D.N.J. Mar. 31, 2020) ................................................26

*Schechter v. Hyundai Motor Am.*,
2019 WL 3416902 (D.N.J. July 29, 2019) .................................................28

*Semeran v. Blackberry Corp.*,
2016 WL 406339 (D.N.J. Feb. 2, 2016) ..........17

*Sheris v. Nissan N. Am., Inc.*,
2008 WL 2354908 (D.N.J. June 3, 2008)..........15

*Simner v. LG Elecs. U.S.A., Inc.*,
2022 WL 3152707 (D.N.J. Aug. 8, 2022) ..........38

*Smith v. LG Elecs. U.S.A., Inc.*,
2014 WL 989742 (N.D. Cal. Mar. 11, 2014) ..........12

*Snyder v. Farnam Cos.*,
792 F. Supp. 2d 712 (D.N.J. 2011)..........34

*Spera v. Samsung Elecs. Am., Inc.*,
2014 WL 1334256 (D.N.J. Apr. 2, 2014)..........11

*Spokeo, Inc. v. Robins*,
578 U.S. 330 (2016)..........36

*Stevenson v. Mazda Motor of Am., Inc.*,
2015 WL 3487756 (D.N.J. June 2, 2015)..........21, 22, 23, 31

*Suddreth v. Mercedes-Benz, LLC*,
2011 WL 5240965 (D.N.J. Oct. 31, 2011) ..........15

*Suriaga v. Gen. Elec. Co.*,
2019 WL 6799613 (D.N.J. Dec. 12, 2019)..........26

*Taylor v. BMW of N. Am., LLC*,
2021 WL 1186777 (D.N.J. Mar. 29, 2021) ..........12

*Torres-Hernandez v. CVT Prepaid Sols., Inc.*,
2008 WL 5381227 (D.N.J. Dec. 17, 2008)..........20

*U.S. ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*,
812 F.3d 294 (3d Cir. 2016) ..........18

*Weske v. Samsung Elecs., Am., Inc.*,
42 F. Supp. 3d 599 (D.N.J. 2014)..........10

*Wesley v. Samsung Elecs. Am., Inc.*,
2022 WL 16509541 (D.N.J. Oct. 28, 2022) ....................................................10

*Wilkins v. Navy Fed. Credit Union*,
2023 WL 6875441 (D.N.J. Oct. 18, 2023) ......................................................30

*Wilson v. Kia Motors Am., Inc.*,
2015 WL 3903540 (D.N.J. June 25, 2015).......................................................33

**Statutes**

N.J. Stat. Ann. § 2A:15-5.12..........................................................................39

N.J. Stat. Ann. § 12A:2-317............................................................................9

N.J. Stat. Ann. § 12A:2-315............................................................................16

N.J. Stat. Ann. § 12A:2-316............................................................................13

N.J. Stat. Ann. § 12A:2-725(2) ....................................................................7, 8

# INTRODUCTION

After purchasing a Samsung top-load washing machine in February 2019, Plaintiff Susan Zabransky used it without issue for years. In November 2023, when Plaintiff allegedly noticed some aluminum particles in the washer, she contacted Samsung, who offered to send a technician to investigate. When Plaintiff requested free service of her then-nearly five-year-old washer, Samsung informed her that she would be responsible for at least the cost of labor associated with the investigation because the machine's industry-standard warranty had long expired. Dissatisfied with having to pay for labor, Plaintiff transformed a discrete, undiagnosed issue involving her single washing machine into a purported nationwide class action—speculating that Samsung must have engaged in a campaign of fraud to conceal an alleged defect apparently permeating every unit sold of not only her washer model, but five other distinct models she does not allege she ever purchased, used, caused her any harm, or has any familiarity with whatsoever.

Plaintiff's claims are meritless on the face of the Complaint for myriad reasons. The pleadings make clear that her express and implied warranty claims are untimely. These claims also fail because the unambiguous terms of the warranty that came with her washer preclude claims based on an alleged defect that purportedly emerged nearly five years after Plaintiff used the machine without interruption and without any issue. Moreover, the allegations do not plausibly

suggest in any way that the standard warranty terms at issue were procedurally or substantively unconscionable, or that Samsung breached any implied warranty given Plaintiff's uninterrupted, ordinary use of her machine for nearly a half-decade. Plaintiff's claims grounded in fraud are similarly deficient because Plaintiff does not plead any facts, under the heightened pleading requirements of Rule 9(b), that plausibly show that Plaintiff purchased her washing machine on the basis of any alleged misrepresentation or omission. In addition, Plaintiff's standalone causes of action for unjust enrichment and injunctive relief and her prayer for punitive damages are improper as a matter of law and unsupported by her boilerplate allegations. Finally, Plaintiff lacks standing to bring purported claims on behalf of purchasers of models of washing machines she herself has never owned or been harmed by, and about which she does not plead any facts.

Accordingly, for the reasons that follow, the Court should dismiss these claims and this action in its entirety with prejudice.

## BACKGROUND

### A. Plaintiff's Washing Machine and Applicable Limited Warranty

Plaintiff commenced this action against Samsung Electronics America, Inc. ("Samsung") on March 8, 2024. *See* ECF No. 1 ("Compl.").[1] According to the

[1] Although Plaintiff has also named Samsung Electronics Co., Ltd.—Samsung's South Korea-based parent company—as a defendant, that company has not been served and is not a party to this action.

Complaint, on February 15, 2019, Plaintiff, a New Jersey citizen, purchased a Samsung top-load washing machine, model number WA52M7750AV/A4, for $679.00 from a Lowe's store in Butler, New Jersey. *Id.* ¶¶ 19, 21. The Complaint indicates that Plaintiff made use of this washing machine without problem or issue for years after her purchase. Then, in November 2023, nearly five years later, Plaintiff alleges that she noticed "aluminum or metallic particles in her washing machine and also on her grandson's clothing which she regularly washes using her washing machine." *Id.* ¶ 22. Plaintiff alleges that she contacted Samsung and after three unsuccessful attempts to clean the machine as directed by a company representative, Plaintiff requested that "Samsung send out a repair person" to fix her machine and that "the repair be covered under warranty." *Id.* ¶¶ 23–27. According to Plaintiff, a Samsung representative informed her that "she would have to pay for all labor associated with an attempted repair." *Id.* ¶ 26.

As the pleadings acknowledge, that information was consistent with the terms of the warranty that came with Plaintiff's washing machine (the "Limited Warranty"). For "manufacturing defects in materials or workmanship," the Limited Warranty was valid for the "period, starting from the date of original purchase, of: One (1) year parts and labor, Three (3) years stainless tub part (Part Only), Ten (10) years washing DD [direct drive] motor part (Part Only)." Compl. ¶ 93; Decl. of

Andrew Bahn ("Bahn Decl."), Ex. A at 67.[2] The Limited Warranty further provided that, "[d]uring the applicable warranty period, a product will be repaired, replaced, or the purchase price refunded, at the sole option of SAMSUNG." Bahn Decl., Ex. A at 67. The Limited Warranty also contained a section with the title, in bold, capitalized font, "**EXCLUSION OF IMPLIED WARRANTIES**," that included the following express limitations, also in all-capitalized font: "IMPLIED WARRANTIES, INCLUDING THE IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE, ARE LIMITED TO ONE YEAR OR THE SHORTEST PERIOD ALLOWED BY LAW." *Id.* at 68.

### B. Plaintiff's Asserted Claims

According to Plaintiff, she has declined offers for technicians to come to her house to diagnose the alleged problem with her washing machine because of her demand that she not be responsible for the $95 cost of the labor, notwithstanding the terms of the Limited Warranty. Compl. ¶ 26. As a result, Samsung has not been

---

[2] The Court may consider the full Limited Warranty for purposes of adjudicating this motion because the pleadings quote, rely upon, and reference its terms and conditions, which are integral to the Complaint. *See In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999) ("[A] court can consider a document *integral to or explicitly relied upon* in the complaint." (emphasis in original) (quotation marks omitted)); *accord Granillo v. FCA US LLC*, 2016 WL 9405772, at *11 n.4 (D.N.J. Aug. 29, 2016) (considering entirety of referenced warranty to decide motion to dismiss); *McQueen v. BMW of N. Am., LLC*, 2013 WL 4607353, at *7 n.7 (D.N.J. Aug. 29, 2013) (same).

able to inspect Plaintiff's washing machine to understand or address any alleged issue. *See id.* ¶ 29. Plaintiff does not allege any facts indicating that any other qualified party has inspected her washing machine to diagnose the alleged issue.

Nevertheless, Plaintiff asserts that the issue stems from a "defect that causes the flange on the bottom of the tub of the washing machines to corrode prematurely." *Id.* ¶ 2. Providing no factual grounds for this belief, she asserts that "tiny particles from the flange [are] released into the washing machine during washing cycles which ultimately results in these particles attaching to clothing and clogging hoses preventing water from properly draining the machine or getting trapped in the impeller causing the washer to stop draining." *Id.*

From this speculative premise, Plaintiff seeks to bring claims on behalf of all consumers in New Jersey and the United States who, on or after March 8, 2018, bought a new Samsung washer of the same model and "experienced a deteriorated flange or a flange that is susceptible to becoming deteriorated due to the Flange Defect." *Id.* ¶¶ 74–75. Moreover, Plaintiff seeks to assert claims on behalf of purchasers of not just the actual top-load washing machine model she purchased, but of five other top-load and front-load washer models as well—WA55CG7100/AWUS, WA50R5200AV/A4, WA55A7300AE/US, WA47CG3500AV/A4, and WA45T3200AW/A4—none of which she alleges she ever purchased, used, or otherwise has any familiarity with. *Id.* ¶¶ 11, 74–75.

Indeed, Plaintiff pleads ***no facts*** about any of these other models at all.

Plaintiff alleges that Samsung "knew," "was reckless in not knowing" about, or "actively concealed" the alleged flange defect in all six models—relying on a scattershot of internet comments, most of which post-date Plaintiff's purchase, are posted on third-party websites unaffiliated with Samsung, and relate to washing machine models not purchased by Plaintiff. *Id.* ¶¶ 56–57, 66. Plaintiff asserts seven causes of action under New Jersey law, for: (1) breach of express warranty; (2) breach of the implied warranties of merchantability and fitness for a particular purpose; (3) common-law fraud; (4) violations of New Jersey's Consumer Fraud Act ("NJCFA"); (5) violations of the Truth-in-Consumer Contract, Warranty and Notice Act ("TCCWNA"); (6) unjust enrichment; and (7) injunctive and equitable relief.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must "plead 'enough facts to state a claim to relief that is plausible on its face.'" *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" (quoting *Twombly*, 550 U.S. at 557)). Moreover, under Rule 12(b)(1), it is the plaintiff's burden to establish the elements of standing, "an injury in fact" that is "fairly

traceable to the challenged conduct" and "likely to be redressed by a favorable judicial decision." *In re Johnson & Johnson Talcum Powder Prods. Mktg.*, 903 F.3d 278, 284 (3d Cir. 2018) (quotation marks omitted).

## ARGUMENT

### I. Plaintiff Does Not State Viable Claims for Breach of Warranty (Counts I and II)

#### A. The Timing of the Warranty Claims Makes Them Unactionable

Plaintiff allegedly discovered the purported flange defect in November 2023 and brought suit in March 2024—over five years after she purchased her washer in February 2019 and well after any possible applicable warranty term expired in February 2022. These dates make clear that Plaintiff's warranty claims are not actionable: Plaintiff filed suit well outside New Jersey's limitations period for breach of contract, and, as the speculated alleged defect only emerged well after the Limited Warranty elapsed, Plaintiff cannot allege a breach of warranty in any event.

##### 1. The Statutes of Limitations Have Run

In New Jersey, the statute of limitations for a breach of warranty claim is four years, which, "regardless of the aggrieved party's lack of knowledge of the breach" begins to accrue "when tender of delivery is made." N.J. Stat. Ann. § 12A:2-725(2). Because Plaintiff filed suit over five years after she took possession of her washing machine, her breach-of-warranty claims are untimely.

It is true that in certain cases of a future-performance warranty that

"contemplates an obligation to repair" merchandise, the limitations period can begin to run upon post-purchase discovery of the alleged breach. *ACH Enters. 1 LLC v. Viking Yacht Co.*, 817 F. Supp. 2d 465, 469, (D.N.J. 2011). But this "future performance exception" does not save Plaintiff's claims because it "only applies if the defect is discovered during the warranty period." *Id.* at 470 (citing N.J. Stat. Ann. § 12A:2-725(2)); *see also S. Jersey Gas Co. v. Mueller Co.*, 2010 WL 1742542, at *7 (D.N.J. Apr. 27, 2010) (explaining that the New Jersey Legislature "plainly instruct[ed]" that breach must be discovered within warranty period, otherwise all "limited warranties for specific periods" would be "transform[ed] . . . into unlimited warranties"), *aff'd*, 429 F. App'x 128 (3d Cir. 2011).

Here, Plaintiff alleges that she discovered the purported flange flaw in November 2023, well outside the Limited Warranty's one-year period for parts and labor (which expired in February 2020) and three-year period for stainless steel tub parts (which ran in February 2022). *See* Compl. ¶¶ 19, 22; Bahn Decl., Ex. A at 67. Accordingly, Plaintiff's breach of warranty claims are time-barred.

### 2. The Limited Warranty Period Has Long Since Expired

This sequence of events also confirms that, even if Plaintiff had timely filed suit, her warranty claims are facially deficient for a separate, but related reason: a consumer cannot state a claim for breach of a warranty that by its own express terms has already expired. *See Dewey v. Volkswagen AG*, 558 F. Supp. 2d 505, 520 (D.N.J.

2008) ("[I]f the repair is sought outside the warranty period, it is not covered by the express warranty." (citing *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 616 (3d Cir. 1995))). Samsung had no duty to perform repairs or provide either labor or parts for an alleged defect that manifested, and Plaintiff reported, nearly two years after the expiration of any possibly applicable warranty period.[3] *See Gotthelf v. Toyota Motor Sales, U.S.A., Inc.*, 525 F. App'x 94, 106 (3d Cir. 2013) ("Because [plaintiff] alleges that the defect manifested itself outside the warranty period, he does not state a valid claim for breach of warranty."); *Dewey*, 558 F. Supp. 2d at 518–19 ("[T]ime-limited warranties do not protect buyers against hidden defects which are typically not discovered until after the expiration of the warranty period.").

Moreover, because New Jersey "limits any implied warranty to the terms of an express warranty," *Nobile v. Ford Motor Co.*, 2011 WL 900119, at *6 (D.N.J. Mar. 14, 2011) (citing N.J. Stat. Ann. § 12A:2-317), Plaintiff's acknowledged November 2023 discovery of the alleged defect dooms claims of both breach of

---

[3] Plaintiff's washing machine also included a ten-year warranty period for the "washing [direct drive] motor part," but Plaintiff pleads no facts to suggest why the motor-part warranty would apply to the flange. In any event, even assuming it somehow applied, and it does not, the pleadings make clear there was no breach: Plaintiff alleges that a Samsung representative advised that Plaintiff "would have to pay for all *labor* associated with an attempted repair," Compl. ¶ 26 (emphasis added), consistent with the plain terms of the motor-parts warranty's coverage of "Parts Only." *See* Bahn Decl., Ex. A at 67. Plaintiff does not allege that Samsung refused to offer parts as part of its customer service and thus does not allege a breach of the ten-year warranty.

express and implied warranty. *See Wesley v. Samsung Elecs. Am., Inc.*, 2022 WL 16509541, at *7 (D.N.J. Oct. 28, 2022) (dismissing breach-of-implied-warranty claim where alleged defect manifested after one-year warranty period); *Weske v. Samsung Elecs., Am., Inc.*, 42 F. Supp. 3d 599, 616 (D.N.J. 2014) (same).

### B. Plaintiff Cannot Plausibly Allege that Samsung's Limited Warranty Is Unconscionable

Plaintiff seeks to evade the Limited Warranty's express time limit by alleging that its terms are "commercially unconscionable" because there was no "meaningful opportunity to bargain over, let alone expand" them. Compl. ¶¶ 102–103. But any such unconscionability claim fails to pass muster under Rule 12.

To withstand dismissal, a plaintiff must "allege facts to state a plausible claim that the contract was both procedurally and substantively unconscionable." *Ponzio v. Mercedes-Benz USA, LLC*, 447 F. Supp. 3d 194, 255 (D.N.J. 2020). "Procedural unconscionability refers to unfairness in the formation of the contract, and may be shown by a variety of inadequacies, such as . . . hidden or unduly complex contract terms, bargaining tactics, and the particular setting existing during the contract formation process." *Argabright v. Rheem Mfg. Co.*, 201 F. Supp. 3d 578, 595 (D.N.J. 2016) (quotation marks omitted). "Substantive unconscionability describes an exchange of promises that is so one-sided as to shock the conscience of the court." *Amato v. Subaru of Am., Inc.*, 2019 WL 6607148, at *8 (D.N.J. Dec. 5, 2019) (quotation marks omitted). The Complaint does not plausibly allege anything of

either sort, which, alone, dooms Plaintiff's claim of unconscionability.

As to procedural unconscionability, all Plaintiff offers is a bare and conclusory assertion of a lack of "meaningful opportunity to bargain," the type of boilerplate allegation that courts in this District routinely reject. *See Argabright*, 201 F. Supp. 3d at 595 ("Of course, there is a disparity in bargaining power in nearly all consumer contracts executed between a purchaser and a manufacturer, and Plaintiffs' conclusory assertion is by itself insufficient to render a contract unconscionable."); *Alban v. BMW of N. Am.*, 2011 WL 900114, at *9 (D.N.J. Mar. 15, 2011) ("[Plaintiff's] bare-bones allegations . . . that a gross disparity in bargaining power existed between him and BMW are no more than conclusions that are not entitled to the assumption of truth." (citation and quotation marks omitted)). Indeed, Plaintiff does not (and cannot) plausibly plead that she or any other purchaser of her washing machine was subjected to any "inadequacies" in the formation of the sale contract.

That is so because washing machines like Plaintiff's are broadly available to consumers like Plaintiff who exercise a similar degree of bargaining power in a competitive market in which a one-year limited warranty like the one at issue here is standard. *See, e.g.*, *Spera v. Samsung Elecs. Am., Inc.*, 2014 WL 1334256, at *8 (D.N.J. Apr. 2, 2014) (upholding one-year warranty for Samsung washing machine); *Fishman v. Gen. Elec. Co.*, 2014 WL 1628369, at *4–5 (D.N.J. Apr. 23, 2014) (same

for GE washer); *Huffman v. Electrolux of N. Am., Inc.*, 961 F. Supp. 2d 875, 886 (N.D. Ohio 2013) (same for Electrolux washing machine); *Smith v. LG Elecs. U.S.A., Inc.*, 2014 WL 989742, at *7–8 (N.D. Cal. Mar. 11, 2014) (same for LG washing machine). As these cases and common experience illustrate, Plaintiff had the option of selecting a washing machine from a range of companies; the ability to make such an informed choice fatally undercuts any claim of procedural unconscionability. *See, e.g.*, *In re Caterpillar, Inc., C13 & C15 Engine Prods. Liab. Litig.*, 2015 WL 4591236, at *22 (D.N.J. July 29, 2015) (dismissing conclusory allegation of procedural unconscionability where "there is nothing in the Complaint to suggest that Plaintiffs were unable to buy comparable [products] from another seller").

Plaintiff also fails to plead substantive unconscionability. The sole basis of her substantive unconscionability claim is the conclusory allegation that consumers "would likely not discover [the alleged defect] . . . until after the one-year warranty period had expired." Compl. ¶ 102. But, as discussed below, *infra* Section II.D, Plaintiff does not allege any facts, plausible or otherwise, demonstrating that Samsung had knowledge of any defect and that Samsung acted in bad faith with respect to the terms of the industry-standard warranty. Instead, all Plaintiff advances is the unsupported and bare allegation that Samsung "knew" of a purported defect, which numerous courts in this District have rejected as insufficient as a matter of law at the pleadings stage. *See, e.g.*, *Taylor v. BMW of N. Am., LLC*, 2021 WL

1186777, at *11 (D.N.J. Mar. 29, 2021) ("[S]imple knowledge of a defect does not render a warranty unconscionable."); *Ponzio*, 447 F. Supp. 3d at 257 ("[M]erely alleging that a defendant knew of a defect, and knew that defect would arise after the time limitations of a warranty, but concealed that information, *without more*, fails to establish unconscionability." (emphasis in original)); *Argabright*, 201 F. Supp. 3d at 597 ("unconscionability cannot be premised solely upon allegations that Defendant knew that a defect in the product might arise" (quotation marks omitted)).

Accordingly, any theory of unconscionability lacks any merit, and Plaintiff's breach-of-warranty claims should be dismissed.

### C. Plaintiff Cannot State an Implied-Warranty Claim (Count II)

Even if Plaintiff's claims were not time-barred or improperly based on a defect raised outside the express warranty period, her implied-warranty claims are nonetheless deficient on their face for a number of other reasons.

#### 1. The Limited Warranty Expressly Disclaimed Any Implied Warranties

To begin with, New Jersey law expressly allows parties to contractually disclaim implied warranties. *See* N.J. Stat. Ann. § 12A:2-316; *see also, e.g.*, *M & M Trucking Gudullu, LLC v. Liberty Kenworth-Hino Truck Sales, Inc.*, 653 F. Supp. 3d 162, 170–71 (D.N.J. 2023) (noting implied warranties may be disclaimed so long as the warranty disclaimer is clear and conspicuous). Here, Plaintiff's washing machine came with a Limited Warranty, which included a disclaimer that appeared

in bold, all-capitalized font, titled, "**EXCLUSION OF IMPLIED WARRANTIES**." Bahn Decl., Ex. A at 68. Directly underneath that heading appears the following statement in all-capitalized text: "IMPLIED WARRANTIES, INCLUDING THE IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE, ARE LIMITED TO ONE YEAR OR THE SHORTEST PERIOD ALLOWED BY LAW." *Id.* Courts routinely hold the display of such language in this manner sufficiently conspicuous to disclaim implied warranties. *See, e.g.*, *Advanced Drainage Sys., Inc. v. Site Co Materials, Inc.*, 2014 WL 1092809, at *2 (D.N.J. Mar. 18, 2014) (finding disclaimer was sufficiently conspicuous where it was written in all capital letters and included the term "merchantability"); *Delia v. Erickson*, 1989 WL 201023, at *4 (D.N.J. May 23, 1989) (same). Accordingly, because the Limited Warranty validly and conspicuously disclaimed any and all implied warranties after one year from the date of purchase, Plaintiff cannot state a claim for relief.

### 2. No Implied Warranty Applies on the Face of the Complaint

In any event, even if the Limited Warranty had not expressly disclaimed all implied warranties, Plaintiff fails to allege the necessary elements of either of the specific implied-warranty claims the Complaint raises.

#### *i. Merchantability*

Plaintiff alleges that Samsung breached an implied warranty that her washing

machine was "of good and merchantable quality." Compl. ¶ 110. The Complaint does not plausibly support any such breach. The implied warranty of merchantability requires "that the article sold should be of the general kind described and reasonably fit for the *general purpose* for which it should have been sold." *Green v. Green Mountain Coffee Roasters, Inc.*, 279 F.R.D. 275, 282–83 (D.N.J. 2011) (emphasis in original) ("The warranty does not impose a general requirement that goods precisely fulfill the expectation of the buyer." (quotation marks omitted)). In addition, "[a] claim for breach of implied warranty must ordinarily arise shortly after purchase[.]" *Bullard v. Jaguar Land Rover Auto. PLC*, 2023 WL 4845873, at *9 (D.N.J. July 28, 2023).

Here, there is no allegation whatsoever that Plaintiff's washing machine did anything but clean clothes without issue for nearly five years after purchase. Courts in this District have repeatedly rejected unmerchantability claims where a product fulfills its ordinary and intended purpose in this manner from the time of purchase through well beyond the warranty period. *See, e.g.*, *McCoy v. Samsung Elecs. Am., Inc.*, 2023 WL 6140641, at *7 (D.N.J. Sept. 20, 2023) (dismissing unmerchantability claim where plaintiffs used their Chromebooks for years without issue); *Suddreth v. Mercedes-Benz, LLC*, 2011 WL 5240965, at *5 (D.N.J. Oct. 31, 2011) ("It is simply not plausible that a motor vehicle could be classified as not merchantable when it has been used for its intended purpose for 4 years[.]"); *Sheris v. Nissan N. Am., Inc.*,

2008 WL 2354908, at *5–6 (D.N.J. June 3, 2008) (unmerchantability claim not supported where plaintiff drove vehicle for two years). Thus, any claim for breach of implied warranty of merchantability is unavailing.

#### *ii. Fitness for a Particular Purpose*

Plaintiff's claim that Samsung breached an implied warranty of fitness for a particular purpose, Compl. ¶ 111, is similarly meritless on its face. As its name implies, such a warranty is presumed to apply only where the seller "at the time of contracting ha[d] reason to know [of a] particular purpose for which" the purchaser required the goods for sale. N.J. Stat. Ann. § 12A:2-315 (requiring that the buyer be "relying on the seller's skill or judgment"). But "[i]t is axiomatic that a product's ordinary purpose cannot be the same as its particular purpose . . . ." *See Franulovic v. Coca Cola Co.*, 2007 WL 3166953, at *6 (D.N.J. Oct. 25, 2007) ("[W]ithout that distinction, there can be no claim for breach of implied warranty of fitness for a particular purpose."). Plaintiff does not allege that she bought her washing machine for any particular purpose separate and apart from its ordinary purpose—washing clothes, *see Dzielak v. Whirlpool Corp.*, 2019 WL 6607220, at *16 (D.N.J. Dec. 5, 2019) (noting washing machine's ordinary purpose is to wash clothes)—and certainly no other particular purpose that Samsung would have "had reason to know." *See Carrington Tea Co. v. Pretium Packaging L.L.C.*, 2023 WL 2182310, at *4 (D.N.J. Feb. 23, 2023). As a result, any claim based on this particular implied

warranty is also irredeemably deficient. *See id.* (dismissing claim where buyer did not allege a "distinct particular use" that seller "had reason to know").

## II. Plaintiff Does Not Plausibly Allege NJCFA and Common-Law Fraud Claims (Counts V and VI)

The Complaint fares no better at stating actionable fraud claims under the NJCFA and New Jersey common law. To state a NJCFA claim, a plaintiff must allege "(1) unlawful conduct by defendant; (2) an ascertainable loss by plaintiff; and (3) a causal relationship between the unlawful conduct and the ascertainable loss." *DeGennaro v. Am. Bankers Ins. Co. of Fla.*, 737 F. App'x 631, 635 (3d Cir. 2018) (cleaned up). "There are three categories of unlawful conduct under the NJCFA: (1) affirmative acts, *i.e.*, misrepresentations; (2) omissions; and (3) regulatory violations." *Semeran v. Blackberry Corp.*, 2016 WL 406339, at *4 (D.N.J. Feb. 2, 2016) (quotation marks omitted). To state a common-law fraud claim in New Jersey, a plaintiff must allege "(1) a material misrepresentation or omission of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity or knowing the omission to be material; (3) intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *GKE Enters., LLC v. Ford Motor Credit Co. LLC USA*, 2010 WL 2179094, at *4 (D.N.J. May 26, 2010).

Moreover, for both claims, Plaintiff must satisfy Rule 9(b)'s "heightened pleading requirement of factual particularity with respect to allegations of fraud." *In*

*re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002); *see also Frederico v. Home Depot*, 507 F.3d 188, 202–03 (3d Cir. 2007) (applying Fed. R. Civ. P. 9(b) to NJCFA claim); *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 276 (3d Cir. 2006) (same for common-law fraud claim). That is, Plaintiff must allege with particularity "the who, what, when, where and how of the events at issue." *U.S. ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries*, *LLC*, 812 F.3d 294, 307 (3d Cir. 2016).

As set forth below, the Complaint is devoid of the kind of detailed factual allegations required by Rule 9(b) to satisfy Plaintiff's burden to establish each of the necessary elements of her NJCFA and common-law fraud claims.

### A. Plaintiff Fails to Allege a Deceptive Misrepresentation or Omission

Plaintiff's NJCFA and common-law fraud claims fail at the outset because Plaintiff does not plausibly plead the existence of any relevant material misrepresentation or omission. The only statements by Samsung that Plaintiff points to as affirmative misrepresentations to underpin her flange-defect claims are the company's advertisement of: a self-clean feature that "keeps your washer tub fresh and clean by using combination of soaking, pulsating and high-speed spinning to remove dirt and bacteria," Compl. ¶¶ 20, 61; larger "washer capacity" that translates to "fewer loads," *id.* ¶ 20; and the presence of "[s]mall water holes [that] help prevent fabrics from snagging and being damaged, allowing fabric care with deep-clean

results," *id.* ¶ 61. But Plaintiff does not explain how these statements, which neither mention nor speak to the specific component Plaintiff complains of, somehow plausibly constitute misrepresentations in furtherance of Samsung's purported fraud to deceive Plaintiff about an alleged latent defect in the flange.

In any event, even if those statements were somehow relevant, they are not actionable because Plaintiff does not plead any facts showing, as she must, that they had "the capacity to mislead the average consumer," *Adamson v. Ortho-McNeil Pharm., Inc.*, 463 F. Supp. 2d 496, 501 (D.N.J. 2006) (describing pleading requirement for NJCFA claim), or were "not in accord with the facts," *Read v. Profeta*, 397 F. Supp. 3d 597, 635 (D.N.J. 2019) (only factual misstatements about "present circumstances," not "future or contingent events," are actionable as fraud). There are no allegations suggesting that, when she purchased her washer or for the period of over five years since, it has not in fact had a soaking/pulsating/high-speed spinning feature to remove dirt and bacteria, or a larger capacity that led to fewer loads, or small water holes that help prevent fabrics from being damaged by snagging. *See, e.g.*, *Hemy v. Perdue Farms, Inc.*, 2011 WL 6002463, at *19 (D.N.J. Nov 30, 2011) (finding NJCFA claim failed to satisfy Rule 9(b) where plaintiff failed to allege defendant's representations were inaccurate). Whether there was a purported defect in the separate flange component says nothing about whether these statements about distinct features were inaccurate or misleading in any way.

Plaintiff's omission-based theory of liability is similarly wanting. Plaintiff advances nothing but the boilerplate allegation that Samsung "did not disclose to its customers" the purported flange defect, which Plaintiff simply presupposes existed "at the time of sale." Compl. ¶ 60. The Complaint ventures no detail as to the circumstances of the alleged omission, such as who was involved, and when, why, and how the purported fraudulent concealment was decided upon and carried out. Courts routinely find that such vague and conclusory pleadings "do not inject sufficient precision" to state an omission claim under Rule 9(b). *Glauberzon v. Pella Corp.*, 2011 WL 1337509, at *9 (D.N.J. Apr. 7, 2011) ("Plaintiffs do not identify who at [defendant company] was aware of the . . . defect, when or how they learned of such defect and/or when or how the decision was made to conceal the defect from its customers." (citation omitted)); *see also Fuqua v. Bristol-Myers Squibb Co.*, 926 F. Supp. 2d 538, 550 (D.N.J. 2013) (rejecting plaintiff's common law fraud claim "only supported by conclusory, generalized facts"); *Hughes v. Panasonic Consumer Elecs. Co.*, 2011 WL 2976839, at *14 (D.N.J. July 21, 2011) (rejecting NJCFA omission claim because "Plaintiffs do not allege when such omissions occurred, let alone whether they occurred before or after plaintiffs purchased their Televisions"); *Torres-Hernandez v. CVT Prepaid Sols., Inc.*, 2008 WL 5381227, at *6 (D.N.J. Dec. 17, 2008) ("[G]eneral allegations of concealment on the part of a defendant are insufficient to sustain an NJCFA claim.").

### B. Plaintiff Fails to Allege Reliance or Causation

Plaintiff similarly cannot plead the elements of causation and reliance as required, respectively, to state a claim under the NJCFA and for common-law fraud. Under the NJCFA, "a plaintiff must allege a causal nexus between a defendant's unlawful conduct or practice and a [p]laintiff's ascertainable loss." *Mladenov v. Wegmans Food Mkts., Inc.*, 124 F. Supp. 3d 360, 376 (D.N.J. 2015) (quotation marks omitted). That "'causal nexus' element may not be stated in 'general and conclusory terms.'" *Stevenson v. Mazda Motor of Am., Inc.*, 2015 WL 3487756, at *7 (D.N.J. June 2, 2015) (citing *Dewey*, 558 F. Supp. 2d at 526); *see also Kalow & Springnut, LLP v. Commerce Corp.*, 2008 WL 2557506, at *6–7 (D.N.J. June 23, 2008). To state a common-law fraud claim under Rule 9(b), Plaintiff similarly "must plead with some specificity the details regarding his reasonable or justifiable reliance on the allegedly fraudulent statement or negligent misrepresentations." *Panella v. O'Brien*, 2006 WL 2466858, at *9 (D.N.J. Aug. 24, 2006). Here, the Complaint does not plead specific facts to establish either causation or reliance.

Plaintiff alleges only in conclusory terms that she chose her washer model "because of" the washer's advertised self-clean feature. Compl. ¶ 20. But Plaintiff conspicuously does not plead with any kind of particularity whether she herself actually viewed this specific advertising and, if she did, when and under what

circumstances she did so that it directly induced her purchase.[4] Indeed, Plaintiff only quotes statements, insofar as can be gleaned from her pleadings, that are currently found on Samsung's website; she makes no allegation about whether these specific statements even existed in any similar form five years ago at the time of her purchase. *See id*. Without such averments, of course, the Court lacks the factual predicate to infer that the statements Plaintiff cites could have played any causal or other role in Plaintiff's February 2019 purchase. *See Stevenson,* 2015 WL 3487756, at *8 (finding generic allegation defendant's website "caused" consumer purchase to be insufficient as plaintiff failed to allege "when *he* viewed the statements" online "or if such statements were posted at the time" of purchase) (emphasis in original); *Argabright*, 201 F. Supp. 3d at 611 (dismissing NJCFA claim where pleadings do not indicate when "statements were posted on Defendant's site," "whether they existed in their current form when Plaintiffs made their purchase," "and, if they were, whether [Plaintiffs] ever went on Defendant's website and viewed these statements"); *Dewey*, 558 F. Supp. 2d at 527 (without alleging when the statements were made or when plaintiffs were exposed to the statements, "Plaintiffs have not

[4] As discussed above, the specific statements Plaintiff cites are unrelated to the discrete alleged flange defect that is the subject of the purported deception, further undermining any notion that those statements had a "causal" relationship to any alleged harm.

properly pled a 'causal nexus' with the particularity required by Rule 9(b).").[5]

As a consequence, Plaintiff also fails to plausibly allege reliance as required to survive dismissal of her New Jersey common-law fraud claim. "Because the causal nexus requirement of the [NJ]CFA is less stringent than the reliance element of common law fraud, [Plaintiff's] failure to allege a causal nexus under the [NJ]CFA also undermines [her] common law fraud claims." *Dewey*, 558 F. Supp. 2d at 527–28 (quotation marks omitted). Here, because Plaintiff's common-law fraud claim is based on the same alleged misrepresentations and omissions on the Samsung website and warranty as those raised under the NJCFA, both claims must fall. *See Stevenson*, 2015 WL 3487756, at *9.

Accordingly, Plaintiff's common-law fraud and NJCFA claims falter based on the failure to plausibly allege causation and reliance.

### C. Plaintiff Fails to Allege Ascertainable Loss as Required for Her NJCFA Claim

Next, Plaintiff does not adequately plead an ascertainable loss caused by Samsung's alleged unlawful practices, an essential element of a NJCFA claim. *See Frederico*, 507 F.3d at 202. "'Ascertainable loss' is 'either an out-of-pocket loss or a demonstration of loss in value that is quantifiable or measurable.'" *Ponzio*, 447 F.

[5] To the extent Plaintiff asserts that any representations or lack thereof found in the Limited Warranty induced her purchase, that claim fails because she "does not state whether [s]he viewed this booklet prior to purchasing" her washing machine. *Stevenson*, 2015 WL 3487756, at *8.

Supp. 3d at 244 (quoting *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 606 (3d Cir. 2012)).

Plaintiff alleges that she "suffered ascertainable loss[]" in the form of unspecified "repair costs associated with attempted repairs of the Washing Machines and replacement costs." Compl. ¶ 142. But these conclusory allegations specify "no out-of-pocket expense to [Plaintiff] or information to otherwise quantify [her] loss," and are insufficient under the NJCFA. *See Ponzio*, 447 F. Supp. 3d at 244. Plaintiff does not allege the cost of repairing or replacing her machine or any other "reasonable means of quantifying the difference in value between the product promised and the one received." *See In re Caterpillar* , 2015 WL 4591236, at *38. Without these essential allegations, Plaintiff's bare allegation that she "would have paid [a] lower price[]," Compl. ¶ 14, for her washing machine is inadequate to plead ascertainable loss. *See Ponzio*, 447 F. Supp. 3d at 244.

More to the point, New Jersey courts have consistently held that a plaintiff cannot establish ascertainable loss to maintain a NJCFA claim where the product at issue "continued to perform beyond the period in which [defendant] was contractually bound to repair or replace any defective part." *Duffy v. Samsung Elecs. Am., Inc.,* 2007 WL 703197, at *8 (D.N.J. Mar. 2, 2007) (dismissing NJCFA claim for want of ascertainable loss where product performed beyond warranty period); *see also Noble v. Porsche Cars N. Am., Inc.*, 694 F. Supp. 2d 333, 337 (D.N.J. 2010)

(same); *Perkins v. DaimlerChrysler Corp.*, 890 A.2d 997, 1004 (N.J. Super Ct. App. Div. 2006) ("[T]he failure of a manufacturer or seller to advise a purchaser that a part . . . may breakdown or require repair after the expiration of the warranty period cannot constitute a violation of the [NJ]CFA"). That is precisely the case here, where the only loss alleged is nothing more than a discrete incident of a product needing repair well into its ordinary life, years after the expiration of its warranty. To allow Plaintiff's claim to proceed on such a basis would turn every isolated issue facing a single product into the basis of a sprawling fraud claim (and every limited warranty into a de facto unlimited one without expiration). Because such an allegation cannot constitute an ascertainable loss, Plaintiff's NJCFA should be dismissed.

### D. Plaintiff Fails to Allege Samsung's Knowledge of Any Alleged Defect, as Required for Her Omission-Based NJCFA and All Common-Law Fraud Claims

Plaintiff's fraud claims also fail because Plaintiff does not allege with particularity facts demonstrating that Samsung knew of any purported defect before Plaintiff bought her washing machine in February 2019. Such knowledge is a required element of all New Jersey common-law fraud claims, *Dewey*, 558 F. Supp. 2d at 525, and in NJCFA cases alleging a material omission, *Bosland v. Warnock Dodge, Inc.*, 197 N.J. 543, 556 (2009).

To allege that Samsung had pre-sale knowledge of the alleged defect, Plaintiff

relies entirely on a collection of 18 unverified consumer comments she mined from the internet. *See* Compl. ¶¶ 52–58. But 10 of these comments on their face ***post-date*** Plaintiff's February 15, 2019 purchase, and therefore cannot give rise to any inference that Samsung was aware of any alleged defect at the time of Plaintiff's purchase.[6] *See Schechter v. Hyundai Motor Am.*, 2020 WL 1528038, at *10 (D.N.J. Mar. 31, 2020) ("[P]ost-sale complaints cannot support an inference that Defendant had the requisite knowledge as of the date on which the purchases occurred." (quotation marks omitted)) (collecting cases). Plaintiff cites only seven unverified internet comments that pre-date her purchase, and in any event these cannot plausibly show that Samsung had knowledge of any alleged defect in her washer model at the time of sale, for a number of reasons.[7]

To begin with, "courts have held that consumer complaints alone are insufficient to state [claims] based on knowing omissions." *Suriaga v. Gen. Elec. Co.*, 2019 WL 6799613, at *6 (D.N.J. Dec. 12, 2019) (citing *Oliver v. Funai Corp., Inc.*, 2015 WL 9304541, at *5 (D.N.J. Dec. 21, 2015)); *see also McQueen v. BMW of N. Am., LLC*, 2013 WL 4607353, at *6–7 (D.N.J. Aug. 29, 2023) ("[C]ustomer

---

[6] These comments are dated February 2024, October 8, 2023, April 16, 2023, March 2023, March 11, 2023, March 2021, September 23, 2020, June 10, 2020, March 30, 2020, and February 2, 2020, and are found on pp. 12–15, 20–25 of the Complaint.

[7] These comments are dated December 8, 2018, May 31, 2017, October 6, 2016, September 22, 2015, October 23, 2014, November 7, 2013, and November 29, 2012, and are found on pp. 16–20 of the Complaint.

complaints do not constitute *per se* knowledge on the part of BMW that a defect exists in the Vehicles."); *Rait v. Sears, Roebuck & Co.*, 2009 WL 2488155, at *3 (D.N.J. Aug. 11, 2009) ("The various and disparate internet complaints relied on here are not sufficient to support . . . knowledge and intent even if this Court were to find internet complaints valid support as a general proposition, which it does not do."). Moreover, to the extent that such internet comments can be probative of knowledge as a general proposition, Plaintiff's allegations confirm that the handful of pre-sale unverified internet comments that she cites has no such probative value here.

First, ***none*** of the seven comments even concern Plaintiff's washing machine model number WA52M7750AV/A4. Indeed, only three of the seven comments even involve a top-load Samsung washing machine, like Plaintiff's, while the other four comments reference front-load or unspecified washing machines.[8] The Complaint offers no allegations for how these comments therefore have any

[8] The top-load washers are referenced in the comments dated December 8, 2018 (p. 16 of the Complaint) (model number WA48H7400AW/A2); October 23, 2014 (pp. 18–19 of the Complaint) (model number WF328AAW/XAA); and November 7, 2013 (p. 19 of the Complaint). The front-load washers are referenced in the comments dated May 31, 2017 (pp. 16–17 of the Complaint) (model number 448AAPXAA02); October 6, 2016 (p. 17 of the Complaint) (model number WF328AAR/XAA); and November 29, 2012 (pp. 19-20 of the Complaint (model number wf337). The specific model at issue is not specified in the comment dated September 22, 2015 (p. 18 of the Complaint). None of the cited model numbers in these comments match the various models, in addition to Plaintiff's own, on the basis of which she purports to bring this suit. *See* Compl. ¶¶ 11, 74–75.

relevance for the specific issue raised by Plaintiff concerning her washer model. *See Schechter v. Hyundai Motor Am.*, 2019 WL 3416902, at *6–8 (D.N.J. July 29, 2019) (finding plaintiff failed to establish pre-sale knowledge based on consumer complaints on third-party website where many complaints did not specify product model or identify different models than plaintiff's model).

Second, ***all*** of the seven presale internet comments were posted on a third-party website. *See* Compl. ¶ 56 (stating that comments were taken from Consumer Affairs website). Plaintiff fails to allege any facts plausibly suggesting that Samsung monitored this third-party website or was aware of any of these seven comments. *See Schechter*, 2019 WL 3416902, at *6 (absent allegations defendant was aware of posts, "consumer complaints on third-party websites are insufficient to support a manufacturer's knowledge of an alleged defect"); *Oliver*, 2015 WL 9304541, at *4 ("This Court is not persuaded that knowledge of the alleged defect could be imputed to Defendants based upon anonymous internet complaints on third-party websites").

Third, even if Plaintiff had plausibly alleged facts that Samsung was aware of these seven presale unverified internet comments posted on a third-party website (and she has not), considering the large number of washing machines that Samsung has sold in the relevant time period, a mere seven unverified internet comments over the course of more than half a decade do not come close to the "unusually high number of complaints" courts look for before imputing knowledge of an alleged

defect to a manufacturer. *McMahon v. Volkswagen Aktiengesellschaft*, 2023 WL 4045156, at *13 (D.N.J. June 16, 2023) (Padin, J.) ("[G]iven the undoubtedly large quantity of vehicles sold, even 30 complaints is not an unusually high number of complaints that would infer Defendants knew of the Defect." (quotation marks omitted)); *see also McQueen*, 2013 WL 4607353, at *7 (finding 32 customer complaints were a "low rate" of reports and could not constitute a plausible allegation that manufacturer knew of alleged defect).[9]

In sum, this small handful of unverified internet comments—not one of which predates Plaintiff's purchase and concerns her washer model—cannot constitute a sufficient basis of Samsung's pre-sale knowledge of any purported defect.

### E. Plaintiff Fails to Allege Fraudulent Intent as Required for Her Omission-Based NJCFA and All Common-Law Fraud Claims

Plaintiff also fails to allege that Samsung had fraudulent intent to deceive consumers, which is required to sustain her common-law fraud claims and NJCFA omission-based claims. *See MZL Cap. Holdings, Inc v. TD Bank, N.A.*, 734 F. App'x 101, 105 (3d Cir. 2018) ("[W]hen the alleged consumer fraud consists of an omission [under the NJCFA], . . . intent is an essential element of the fraud." (quotation marks

[9] Plaintiff cites one additional internet comment that is undated and ambiguous as to whether it even refers to the same model or alleged defect at issue. Even assuming this comment, found on Samsung's website and quoted on p. 25 of the Complaint, pre-dated Plaintiff's purchase and held any relevance for Plaintiff's alleged issues, a single comment on Samsung's website is insufficient to infer that Samsung had pre-sale knowledge of the alleged defect. *See McMahon*, 2023 WL 4045156, at *13.

omitted))); *Dewey*, 558 F. Supp. 2d at 525 (same for New Jersey common-law fraud claims).

The Complaint includes only the conclusory allegation that Samsung intended that consumers "rely upon the above-described uniform misrepresentations, concealment and omissions." Compl. ¶ 129. Once again, this boilerplate statement is insufficient to meet Plaintiff's burden under Rule 9(b). *See Santiago v. Total Life Changes LLC*, 2022 WL 2619855, at *5 (D.N.J. July 7, 2022) (finding generalized, conclusory allegations that defendant engaged in fraudulent conduct "with intent" insufficient to satisfy Rule 9(b)). As explained above, Plaintiff fails to plausibly allege that a purported defect existed at the time of sale and that Samsung had knowledge of such, let alone that Samsung intended to misrepresent or conceal the alleged defect from consumers. She therefore cannot plausibly allege fraudulent intent. *See, e.g.*, *Wilkins v. Navy Fed. Credit Union*, 2023 WL 6875441, at *5 (D.N.J. Oct. 18, 2023) (dismissing omission-based fraud claims because plaintiff "offered mere conclusory assertions of Defendant's knowledge and intent," which "do not suffice to establish an intentional omission"); *Flexco Microwave, Inc. v. MegaPhase LLC*, 2015 WL 5037721, at *4 (D.N.J. Aug. 24, 2015) (dismissing fraudulent misrepresentation counterclaim because defendant "fails to allege any facts" showing plaintiff "intended [defendant] to rely on th[e] falsity").

### F. Plaintiff Fails to Allege that Samsung Had a Duty to Disclose as Required for Her Omission-Based Common-Law Fraud Claim

Plaintiff's common-law fraud claim based on Samsung's alleged omissions also fails because Plaintiff cannot show that Samsung had a duty to disclose any alleged defect. "New Jersey courts will not imply a duty to disclose, unless such disclosure is necessary to make a previous statement true or the parties share a special relationship." *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1185 (3d Cir. 1993) (quotation marks omitted). "Under New Jersey law, '[t]hree categories of relationships give rise to a duty to disclose: (1) fiduciary relationships, such as principal and agent, client and attorney, or beneficiary and trustee; (2) relationships where one party expressly reposits trust in another party, or else from the circumstances, such trust necessarily is implied; and (3) relationships involving transactions so intrinsically fiduciary that a degree of trust and confidence is required to protect the parties.'" *Majdipour v. Jaguar Land Rover N. Am., LLC*, 2015 WL 1270958, at *8 (D.N.J. Mar. 18, 2015) (quoting *Lightning Lube, Inc.*, 4 F.3d at 1185).

Here, Plaintiff alleges that "Samsung was under a duty to disclose . . . based upon its exclusive knowledge of [the alleged defect]." Compl. ¶ 68. However, in New Jersey, it is well-established that "such [superior] knowledge does not create a duty to disclose." *Stevenson*, 2015 WL 3487756, at *10. At bottom, Plaintiff alleges nothing more than the existence of a buyer-distributor relationship with Samsung, which does not give rise to the kind of special relationship and trust triggering a duty

to disclose under New Jersey law. *See Lightning Lube, Inc.*, 4 F.3d at 1185 (holding obligations arising from "buyer-seller" relationships do not give rise to a duty to disclose); *Coba v. Ford Motor Co.*, 2013 WL 244687, at *12 (D.N.J. Jan. 22, 2013) ("New Jersey Courts have found no special relationship between individual consumers and automobile manufacturers that would impose a duty to disclose on the manufacturers"). Because Plaintiff fails to plausibly allege facts establishing that Samsung had a duty to disclose, her omission-based common-law fraud claims should be dismissed on this basis as well.

## III. Plaintiff Cannot State a TCCWNA Claim (Count VII)

Plaintiff's TCCWNA claim, which rises and falls with her fraud claims, also must be dismissed. In order to bring a claim under the TCCWNA, a plaintiff must demonstrate that the defendant "offers or enters into a written consumer contract, or . . . gives or displays any written consumer warranty, notice, or sign" that "included a provision that violates any clearly established legal right of a consumer or responsibility of a seller." *Ensey v. Gov't Emps. Ins. Co.*, 2013 WL 5963113, at *6 (D.N.J. Nov. 7, 2013), *aff'd*, 663 F. App'x 172 (3d Cir. 2016). Because Plaintiff fails to identify a specific portion of any contract, warranty, notice, or sign that violates any clearly established legal right of a consumer, Plaintiff fails to state a TCCWNA claim. As discussed above, Plaintiff fails to adequately state a claim to relief under New Jersey law and the NJCFA, the only source of such consumer's

legal right the Complaint purports to invoke. *See, e.g.*, *Wilson v. Kia Motors Am., Inc.*, 2015 WL 3903540, at *5 (D.N.J. June 25, 2015) ("Plaintiff cannot establish a violation of a 'clearly established legal right' under the [NJ]CFA and therefore cannot, by proxy, establish a violation of the TCCWNA."); *Sauro v. L.A. Fitness Intern., LLC*, 2013 WL 978807, at *9–10 (D.N.J. Feb. 13, 2013) (dismissing TCCWNA claim where "[p]laintiff fail[ed] to plead any clearly established law that the Agreement violates" where the court found "the waiver and indemnity provisions . . . purport only to be coextensive with the laws of New Jersey."); *Ensey*, 2013 WL 5963113, at *6–7 (dismissing TCCWNA claim because underlying CFA claim was dismissed). As a result, the TCCWNA claim must be similarly dismissed for failure to state a claim.

**IV. Plaintiff Cannot State an Unjust Enrichment Claim (Count IV)**

Plaintiff's claim for unjust enrichment should also be dismissed, for a number of reasons. First, it is duplicative of her fraud-based claims, which provides Plaintiff with an adequate remedy at law, thereby precluding her from proceeding with a claim for unjust enrichment that lies in equity. *See CBD & Sons, Ltd. v. Setteducati*, 2019 WL 396982, at *15 (D.N.J. Jan. 31, 2019) (dismissing unjust enrichment claim as duplicative of NJCFA and common-law fraud claims); *Neus v. Rubi Rose, LLC*, 2017 WL 2367056, at *8 (D.N.J. May 31, 2017) ("New Jersey does not recognize unjust enrichment as an independent tort cause of action where it is duplicative of

other tort-based claims."). Indeed, for the same reasons the underlying allegations fail to plausibly allege fraudulent conduct under Rule 9(b), as discussed above, so too do they fail to state a claim to relief for unjust enrichment. *Burrell v. Staff*, 60 F.4th 25, 49 (3d Cir. 2023) ("[W]here the unjust enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise or fall with the underlying claim."); *see also Neus*, 2017 WL 2367056, at *8 (dismissing unjust enrichment claim as duplicative of other tort-based claims, including NJCFA claims).

Next, Plaintiff's unjust enrichment claim must be dismissed because Plaintiff bought her washing machine from Lowe's and not directly from Samsung. *See* Compl. ¶ 19. "[U]nder New Jersey law, an indirect purchaser cannot succeed on a claim for unjust enrichment," because there is no "relationship or course of dealings between the parties." *Oliver*, 2015 WL 3938633, at *13 (quotation marks omitted) (finding no unjust enrichment claim can succeed where "individual purchases a consumer product from a third-party store"); *Snyder v. Farnam Cos.*, 792 F. Supp. 2d 712, 724 (D.N.J. 2011) ("Since Plaintiffs have failed to allege that they purchased the Products directly from Defendants, . . . Plaintiffs have failed to allege a sufficiently direct relationship" for unjust enrichment claim.).

Finally, Plaintiff's unjust enrichment claim fails because the pleadings acknowledge the existence of valid and enforceable contract in the form of the

express warranty that came with Plaintiff's washer. *See All Seasons Home Improvement Co. v. Arch Concept Constr., Inc.*, 2018 WL 3928787, at *8 (D.N.J. Aug. 16, 2018) ("[W]here there is an express contract covering the identical subject matter of the claim, plaintiff cannot pursue a quasi-contractual claim for unjust enrichment[.]" (quotation marks omitted)). Here, it is undisputed that Plaintiff's washing machine was accompanied by the Limited Warranty, which sets forth Samsung's obligations and Plaintiff's rights with respect to any alleged defect with her washing machine. The presence of this enforceable contract precludes any quasi-contractual unjust enrichment claim as a matter of law. *See Hatteras Press, Inc. v. Avanti Comput. Sys. Ltd.*, 2017 WL 2838349, at *5 (D.N.J. June 30, 2017).

## V. Plaintiff's Claim for Injunctive Relief Should Be Dismissed (Count III)

Plaintiff's standalone claim for injunctive relief is improper and should be dismissed. "Courts in this circuit routinely dismiss standalone counts for declaratory and injunctive relief, since such claims are requests for remedies, and not independent causes of action." *N.J. Coal. of Automo. Retailers, Inc. v. Mazda Motor of Am., Inc.*, 2021 WL 2660309, at *3 (D.N.J. June 29, 2021) (quoting *ASAH, The Children's Inst. v. N.J. Dep't of Educ.*, 2017 WL 2829648, at *12 (D.N.J. June 30, 2017)). Injunctive relief is equitable in nature and thus unavailable where, as here, an adequate legal remedy such as damages is sought. *See James v. Richman*, 547 F.3d 214, 217 (3d Cir. 2008) ("If [plaintiff] had an adequate legal remedy, equitable

relief would not be appropriate.").

### VI. Plaintiff Lacks Article III Standing to Bring Suit for Washing Machines She Did Not Purchase or Use

Plaintiff lacks Article III standing to bring claims concerning any washing machine model besides her own — the only one about which she even attempts to plead any facts in the Complaint. "To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized," meaning it "must affect the plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quotation marks omitted). Plaintiff cannot plausibly show any such personalized injury in connection with the five distinct washing machine models upon which she purports to raise claims but that she did not buy, use, or otherwise have any connection with.

Indeed, Plaintiff pleads no facts whatsoever about these various other models and their design, advertising, performance, or any other detail. Such putative consumer claims predicated on products with which the plaintiff has zero firsthand familiarity are precisely the sort of speculative claims that Article III forbids. *See David v. Volkswagen Grp. of Am., Inc.*, 2018 WL 1960447, at *3 (D.N.J. Apr. 26, 2018) ("[A] plaintiff has standing only for claims related to products he purchased or used."); *Lieberson v. Johnson & Johnson Consumer Cos., Inc.*, 865 F. Supp. 2d 529, 537 (D.N.J. 2011) ("Plaintiff cannot establish standing to pursue a claim that products she neither purchased nor used did not work as advertised."); *see also N.J.*

*Physicians, Inc. v. President of U.S.*, 653 F.3d 234, 239 (3d Cir. 2011) ("Even at the motion to dismiss stage . . . standing cannot be inferred argumentatively from averments in the pleadings but rather must affirmatively appear in the record.") (citation and alterations omitted).

Some courts in this District—relying on *Haas v. Pittsburgh National Bank*, 526 F.2d 1083, 1088–89 (3d Cir. 1975)—have allowed putative class plaintiffs to assert claims based on products they do not own but were sold by the same defendant, if they can show the "basis for the claims is the same" as their own purchases and "the products are closely related." *See In re Subaru Battery Drain Prods. Liab. Litig.*, 2021 WL 1207791, at *7 (D.N.J. Mar. 31, 2021) (declining to follow these cases). *Haas*, however, has been superseded by precedent from the United States Supreme Court, which makes clear that Article III's rigid standing requirements are not weakened simply because a plaintiff couches his claims as ones raised on behalf of a putative class. *See, e.g.*, *Lewis v. Casey*, 518 U.S. 343, 357 (1996) ("That a suit may be a class action adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." (cleaned up)); *Lieberson v. Johnson & Johnson Consumer Cos.*, 865 F. Supp. 2d 529, 537 (D.N.J. 2011) (standing for non-purchased products "can[not] be acquired

through the back door of a class action" (quotation marks omitted)).

In any event, even if this lesser standing standard purportedly derived from *Haas* were still good law, it offers no assistance to Plaintiff here because she has not pled any requisite facts to invoke it. Failing to allege a single particularized fact about the models she does not own, Plaintiff cannot meet her burden of showing that the bases for these claims "are the same" as the claims based on her own machine, or even that these undescribed models are "closely related" to hers in any way. *See Simner v. LG Elecs. U.S.A., Inc.*, 2022 WL 3152707, at *5 (D.N.J. Aug. 8, 2022) (dismissing for lack of standing plaintiffs' claims concerning dishwasher models they did not purchase where plaintiff failed to allege particularized facts that demonstrate that the basis of the claims is the same); *Sauer v. Subaru of Am., Inc.*, 2020 WL 1527779, at *4 (D.N.J. Mar. 31, 2020) (rejecting argument that standing analysis should be deferred because plaintiff failed to allege any facts even under *Haas* standard). Accordingly, Plaintiff lacks standing to raise claims regarding the washing machine models about which she pleads no knowledge or experience.

## VII. Plaintiff Does Not Plead a Basis for Punitive Damages

Finally, Plaintiff's claims for punitive damages should be dismissed. New Jersey law generally prohibits the award of punitive damages in contract actions, absent a special relationship between the parties or an aggravated set of circumstances. *See Gilliam v. Liberty Mut. Fire Ins. Co.*, 2014 WL 10191547, at *3

(D.N.J. Sept. 26, 2014). Moreover, New Jersey's Punitive Damages Act provides for the recovery of punitive damages only if "a plaintiff can prove, by clear and convincing evidence, that his harm was caused by the defendant and the defendant has acted with actual malice, or a wanton and willful disregard of persons who foreseeably might be harmed by their acts or omissions." *Kousis v. Fid. & Guar. Ins. Underwriters, Inc.*, 2023 WL 6141237, at *6 (D.N.J. Sept. 20, 2023) (citing N.J. Stat. Ann. § 2A:15-5.12).

As discussed above, Plaintiff fails to allege the existence of a legally cognizable special relationship with Samsung. *See supra* Section II.F. Plaintiff also pleads no facts "that suggest the type of egregious or otherwise intolerable conduct, outrageous in its character, that would be necessary . . . to support an award of punitive damages." *See Kousis*, 2023 WL 6141237, at *6 (quotation marks omitted); *see also Gillman v. Rakouskas*, 2017 WL 379433, at *3 (D.N.J. Jan. 26, 2017) ("Plaintiffs' Complaint is completely devoid of any facts that would allow the Court to reasonably infer that Defendants acted in a manner that could be classified as 'actual malice' or a 'wanton or reckless disregard' for others."). Accordingly, the Court should dismiss Plaintiff's prayer for relief in the form of punitive damages.

**VIII. The Complaint Should Be Dismissed With Prejudice**

The facial legal deficiencies to Plaintiff's pleadings described above make clear that the Court should dismiss the Complaint with prejudice. A district court

has discretion to dismiss an action with prejudice where, among other things, "it is apparent from the record that . . . amendment would be futile." *Hill v. City of Scranton*, 411 F.3d 118, 134 (3d Cir. 2005). Such futility is apparent where "there is no relief that can be granted under the facts as alleged," including, as is the case here, where the facts make clear that legal issues, such as standing and limitations, cannot be cured by amendment. *Fahs Rolston Paving Corp. v. Pennington Props. Dev. Corp.*, 2007 WL 2362606, at *4–5 (D.N.J. Aug. 14, 2007); *see also Cruz v. City of Camden*, 898 F. Supp. 1100, 1105 (D.N.J. 1995). Because it is evident from Plaintiff's allegations that she "ha[s] presented [her] best allegations, and that any further amendment would not cure the deficiencies," *Dock v. Rush*, 432 F. App'x 130, 134 (3d Cir. 2011), any second bite at the apple would be futile.

## **CONCLUSION**

At bottom, Plaintiff's claims amount to an unsupported attempt to manufacture a putative sprawling class action out of an isolated and undiagnosed issue with a single washing machine that she used for nearly a half-decade without issue, well beyond the warranty period. For the reasons stated, Plaintiff has failed to plausibly allege a claim to relief under any of her warranty, fraud-based, or other theories. Because it is apparent that Plaintiff's purported claims are based on rank speculation and are facially meritless as a legal matter, inherent deficiencies that no amendment can cure, the Court should dismiss the Complaint with prejudice.

Dated: July 26, 2024

**ARNOLD & PORTER KAYE SCHOLER LLP**

*Joseph A. Greenaway Jr.*
Joseph A. Greenaway, Jr.
Arthur E. Brown (*pro hac vice*)
Stephen Cha-Kim (*pro hac vice*)
250 West 55th Street
New York, NY 10019
Tel.: 212.836.8000
Joseph.Greenaway@arnoldporter.com
Arthur.Brown@arnoldporter.com
Stephen.Cha-Kim@arnoldporter.com

*Counsel for Defendant Samsung Electronics America, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on July 29, 2024, a copy of the foregoing was electronically filed with the Clerk of Court of the United States District Court for the District of New Jersey, using the CM/ECF system, which will send a Notice of Electronic filing to all parties of record.

*Joseph A. Greenaway, Jr.*
Joseph A. Greenaway, Jr.