**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUSAN ZABRANSKY, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS AMERICA. INC. and SAMSUNG ELECTRONICS CO., LTD.,<br><br>    Defendants. | No. 24cv2133 (EP) (MAH)<br><br>**OPINION** |

**PADIN**, **District Judge.**

Plaintiff Susan Zabransky brings this action against Defendants Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd. (collectively "Samsung") for an alleged defective design and/or manufacture of several of its washing machines. D.E. 1 ("Complaint" or "Compl.").

Samsung previously moved to dismiss the Complaint, D.E. 19 ("Motion to Dismiss"), and the Court in large part granted Samsung's Motion to Dismiss. *See* D.E. 40 ("Prior Opinion" or "Prior Op."). Samsung now moves for partial reconsideration of the Prior Opinion, arguing that the remaining claims—for a breach of implied warranty of merchantability and fitness for a particular purpose (Count II) and unjust enrichment (Count IV)—should also be dismissed given the reasoning set forth in the Prior Opinion. D.E. 48 ("Motion" or "Mot.").[1] Plaintiff opposes.

---

[1] For ease of reference, the Court refers to Samsung's brief in support of its Motion, D.E. 48-1, as its Motion.

D.E. 51 ("Opposition" or "Opp'n"). Samsung has also filed a motion for leave to file a reply brief. D.E. 53 ("Reply").[2]

Having considered the parties' arguments, and having determined that oral argument is not necessary,[3] the Court concludes that the reasoning set forth in the Prior Opinion requires the Court to **GRANT** Samsung's Motion.

## I.  BACKGROUND

### A.  Factual Background[4]

Plaintiff brought this action on March 8, 2024, alleging that six Samsung-manufactured washing machine models contain a defect that causes the flange on the bottom of the tub of the washing machines to prematurely corrode. As described in the Complaint, the corroding flange releases tiny particles into the washing machine during wash cycles. Not only do these particles attach to clothing, but they also clog hoses in the washing machine, which prevents water from properly draining. In addition, the defect causes mold and other debris to build up on the corroded flange, which releases into the machine and ultimately onto clothing. Plaintiff refers to this as the "Flange Defect" and the Court adopted that terminology in the Prior Opinion.

Plaintiff purchased one of the six alleged defective machine models in February 2019. She alleges that in November 2023—about four years and nine months later—she noticed aluminum particles on her clothing coming out of her machine. Around that time, Plaintiff's machine also

---

[2] For ease of reference, the Court will refer to Samsung's brief attached to its motion for leave a reply brief, D.E. 53-1, as its Reply. The Court will **GRANT** Samsung's motion for leave to file a reply brief.

[3] *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b).

[4] The Court assumes the parties' familiarity with the facts of this action and summarizes its Prior Opinion as relevant to Samsung's Motion. Unless stated otherwise, all citations in this section are to the Court's Prior Opinion.

2

displayed an error code that indicated her washing machine had stopped draining water. While the Flange Defect appeared on Plaintiff's machine after several years, Plaintiff alleges that the Flange Defect appears on other machines within the first year of use.

The Complaint includes seven counts: (1) breach of express warranty (Count I);[5] (2) breach of the implied warranties of merchantability and fitness for a particular purpose (Count II); (3) injunctive and equitable relief (Count III); (4) unjust enrichment (Count IV); (5) common-law fraud (Count V); (6) violations of New Jersey's Consumer Fraud Act ("NJCFA"), N.J. Stat. Ann. § 56:8–2 (Count VI); and (7) violations of the Truth-in-Consumer Contract, Warranty and Notice Act ("TCCWNA") (Count VII).

### B. The Prior Opinion

Samsung moved to dismiss the Complaint in its entirety, and the Court granted Samsung's Motion to Dismiss in part and denied it in part. As explained in further depth below, the Court dismissed Counts I, V, VI, and VII, but allowed Counts II, III, and IV to proceed.

The Court first addressed Plaintiff's common law fraud claim—Count IV. To state a claim for common law fraud, a plaintiff must allege: "(1) a material misrepresentation or omission of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity or knowing the omission to be material; (3) intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." Prior Op. at 10 (quoting *GKE Enters., LLC v. Ford Motor Credit Co. LLC USA*, No. 09-4656, 2010 WL 2179094, at *4 (D.N.J. May 26, 2010)). The Court determined that Plaintiff failed to allege that Samsung materially

---

[5] Plaintiff's washing machine came with a one-year warranty from the date of purchase for any "parts and labor"; a three-year warranty for the stainless tub part (Part Only); and a ten-year warranty for the "washing DD motor part" (Part Only). Prior Op. at 3 (citations omitted). In the Prior Opinion, the Court concluded that the only warranties that could cover the Flange Defect were the one- and three-year warranties. *Id.* at 20.

misrepresented or omitted a presently existing or past fact regarding the Flange Defect,[6] and accordingly, dismissed her common law fraud claim. *See* Prior Op. at 10-15. Critical to the Court's holding was that Plaintiff did not sufficiently plead facts that demonstrated that Samsung was aware of online complaints on third-party websites that pre-dated her purchase. *Id.* at 14. Because Plaintiff "provided no indication that [Samsung] viewed or would have viewed those websites," *id.* (quoting *Oliver v. Funai Corp., Inc.*, No. 14-4532, 2015 WL 9304541, at *4 (D.N.J. Dec. 21, 2015)), Plaintiff failed to state a common law fraud claim.

Next, the Court reviewed Plaintiff's claim under the NJCFA—Count V. As stated in the Opinion, to plead a NJCFA claim, a "plaintiff must allege: (1) an unlawful practice by the defendant; (2) an ascertainable loss on the part of the plaintiff; and (3) a causal relationship between the defendant's unlawful conduct and the plaintiff's ascertainable loss." *Id.* at 15 (citing *McCalley v. Samsung Elecs. Am., Inc.*, No. 07-2141, 2008 WL 878402, at *7 (D.N.J. 2008)). The Court found that Plaintiff failed to state an unlawful practice prohibited by the NJCFA and therefore dismissed her NJCFA claim. *See id.* at 18.

The Court then considered Plaintiff's TCCWNA claim—Count VI—and reasoned that because her TCCWNA claim "rises and falls with her NJCFA claim," the TCCWA claim ought to be dismissed as well. *Id.* at 19 (citing *Ensey v. Gov't Emps. Ins. Co.*, 663 F. App'x 172, 177 (3d Cir. 2016) (affirming dismissal of TCCWNA claim when plaintiff failed to show defendant violated plaintiff's legal rights)).

The Court also dismissed Plaintiff's breach of express warranty claim. As determined in the Prior Opinion, the only applicable warranties to the Flange Defect were the one-year and three-

---

[6] To establish that Samsung had knowledge of the Flange Defect, Plaintiff cited to online complaints on third-party websites. *Id.* at 14 (citing Compl. ¶¶ 3, 8, 52-58).

year warranties, and, based on the facts alleged in the Complaint, the Flange Defect arose in Plaintiff's washing machine outside the applicable warranty window. *Id.* at 20-22. Recognizing the statute of limitations issue, Plaintiff argued that even if her claims were untimely, the terms of the one-year warranty were "commercially unconscionable" because Samsung knew that customers would likely not discover any issues related to the Flange Defect until after the one-year warranty period expired. *Id.* at 22 (citing Compl. ¶ 102).

After considering the parties arguments with respect to unconscionability, the Court noted that it was persuaded by "the cases in this District that have found warranty disclaimers unconscionable where class members have no meaningful choice in determining the terms of a warranty, there is a gross disparity of power between the class and the manufacturer, the terms of the warranty favor the manufacturer over the buyer, and the manufacturer had knowledge of a defect." *Id.* at 23 (citing *Durso v. Samsung Elecs. Am., Inc.*, No. 12-5352, 2014 WL 4237590, at *10 (D.N.J. Aug. 26, 2014)). However, because Plaintiff failed to show that Samsung had knowledge over the Flange Defect—given the online complaints on third-party websites did not sufficiently demonstrate Samsung either knew of the Flange Defect and/or had manipulated the relevant warranties to avoid the costs of the defect—Plaintiff failed to allege unconscionability. *Id.* at 24 (citations omitted). Accordingly, the Court dismissed Plaintiff's breach of express warranty claim.

The Court then proceeded to consider Plaintiff's claims that Samsung breached the implied warranties of merchantability and fitness for a particular purpose.

With respect to the implied warranty of merchantability, the Court found Plaintiff's allegations sufficient to survive a motion to dismiss. Specifically, while Plaintiff alleged that "the intended use of the washing machines was to clean clothes," the Flange Defect made her washing

5

machine "incapable of actually cleaning [her] clothes." *Id.* at 25 (quoting Compl. ¶ 111). And, because the Flange Defect allegedly arose within the first year of purchase in many circumstances, the Court found that Plaintiff's claim for a breach for the one-year implied warranty of merchantability was sufficiently alleged.

And with respect to Plaintiff's claim for a violation of the implied warranty of fitness for a particular purpose, the Court found that Plaintiff's allegations were sufficient because she alleged that her washing machine failed to work for the particular purpose for which she bought the machine. Specifically, Plaintiff alleged that she relied on certain advertisements of Samsung's when purchasing her machine. *Id.* at 26 (citing Compl. ¶ 20). In making its determination that Plaintiff's allegations were sufficient to survive a motion to dismiss, the Court relied on decisions from this District which found that a plaintiff could state a claim for a breach of an implied warranty of fitness for a particular purpose where the plaintiff alleged they purchased a product in reliance on advertisements which highlighted a particular capability of the product, and that feature ultimately did not work as advertised. *Id.* at 26-27 (citing *Kuzian v. Electrolux Home Prods., Inc.*, 937 F. Supp. 2d 599, 613 (D.N.J. 2013) (other citations omitted)).

The Court also found that Plaintiff stated an unjust enrichment claim. *Id.* at 27-29. To adequately plead an unjust enrichment claim, "a plaintiff must show both that defendant received a benefit and that retention of that benefit without payment would be unjust." *Id.* at 27 (quoting *VRG Corp. v. GKN Realty Corp.*, 135 N.J. 539, 554 (1994)). The Court noted that while "recovery under unjust enrichment may not be had when a valid, unrescinded contract governs the rights of the parties," a contract's validity was successfully challenged when the Court found the contract to be unconscionable. *Id.* at 29 (quoting *Norcom Rsch., LLC v. Net2Phone Glob. Servs. LLC*, No.

6

22-1243, 2023 WL 1098188, at *4 (3d Cir. Jan. 30, 2023) (citation modified)). The Court then allowed Plaintiff's unjust enrichment claim to proceed past the motion to dismiss stage.

### C. Samsung Moves for Reconsideration

In the order accompanying the Prior Opinion, the Court provided Plaintiff thirty days to file an amended complaint. D.E. 41. During those thirty days, Samsung filed its Motion. D.E. 48. Although an amended complaint may have rendered Samsung's Motion moot, Plaintiff instead requested thirty days from the date of the Court's decision on Samsung's Motion to file an amended complaint. D.E. 50.

## II. LEGAL STANDARD

Motions for reconsideration are not expressly authorized by the Federal Rules of Civil Procedure. However, this District permits such motions under Local Civil Rule 7.1(i) as "an extraordinary remedy that is [to be] granted very sparingly." *Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (citation modified). "Motions for reconsideration exist to 'correct manifest errors of law or fact or to present newly discovered evidence.'" *Mid-Am. Salt, LLC v. Morris Cnty. Coop. Pricing Council*, 964 F.3d 218, 230 (3d Cir. 2020) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)).

A court may grant a motion for reconsideration if the moving party shows one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Johnson v. Diamond State Port Corp.*, 50 F. App'x 554, 560 (3d Cir. 2002) (quoting *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). A party's mere disagreement with the court's ruling does not warrant reconsideration. *Boretsky v. New Jersey*, 433 Fed. App'x 73, 78 (3d Cir. 2011). Local Civil Rule 7.1(i) requires a party to "set

. . . forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." *See also Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001) ("The word 'overlooked' is the operative term . . . .").

### III.  DISCUSSION

#### A.  Plaintiff's Implied Warranty Claims (Count II) Must Be Dismissed

At the heart of Samsung's Motion is its contention that the Court's reasoning in the Prior Opinion for dismissing Plaintiff's breach of express warranty claims also requires dismissal of her implied warranty claims. Mot. at 3-7. Specifically, Samsung asserts that because the Court found that the Flange Defect arose in Plaintiff's washing machine outside the statute of limitations and that no doctrine tolled the statute of limitations, her implied warranty claims are similarly time-barred. *Id.* at 4 (citing *Nobile v. Ford Motor Co.*, 2011 WL 900119, at *4 (D.N.J. Mar. 14, 2011)).

"[U]nder New Jersey law, the statute of limitations for a breach of implied warranty claim is four years." *Patlan v. BMW of N. Am., LLC*, No. 18-9546, 2024 WL 1328012, at *12 (D.N.J. Mar. 28, 2024) (citing N.J. Stat. Ann. § 12A:2-725). As noted above, Plaintiff purchased her machine in February 2019 and allegedly began experiencing the Flange Defect in November 2023—*i.e.*, several months outside the four-year window.

In response, Plaintiff argues that her invocation of the doctrine of fraudulent concealment tolls the statute of limitations on her implied warranty claims. Opp'n at 7 (citing Compl. ¶¶ 70-73). To support her position, Plaintiff relies on *Opheim v. Volkswagen Aktiengesellschaft*, a case from this District where the Court tolled the statute of limitations and allowed an implied warranty claim to proceed after determining both that the plaintiff sufficiently pled that the defendant fraudulently concealed the defect at issue and that the defendant's warranty was unconscionable. *Id.* (citing No. 20-2483, 2021 WL 2621689, at *7 (D.N.J. Jun. 25, 2021)). But, unlike in *Opheim*, in the Prior Opinion, the Court held that Plaintiff did not sufficiently allege that Samsung had

8

knowledge over the Flange Defect. Because Plaintiff has not shown that Samsung even knew of the Flange Defect, it necessarily follows that those same allegations cannot serve as the basis to show that Samsung fraudulently concealed the Flange Defect either. Thus, the Court is not persuaded by Plaintiff's argument that her implied warranty claims can proceed under a theory of fraudulent concealment, nor is the Court convinced by Plaintiff's citations to other cases that have allowed a plaintiff's implied warranty claims to proceed given in those cases, the plaintiffs *successfully* alleged defendants' warranties were unconscionable. *See, e.g.*, *Patlan*, 2024 WL 1328012, at *12 (allowing a breach of express warranty claim to proceed because the plaintiff established both procedural and substantive unconscionability). Because the Court found in the Prior Opinion that Plaintiff failed to show Samsung had knowledge over the Flange Defect prior to her purchase of her washing machine, she cannot invoke the doctrine of fraudulent concealment to toll the statute of limitations, nor can she claim the warranties that came with her washing machine were unconscionable.

Moreover, as Samsung persuasively asserts, Plaintiff's allegations that the Flange Defect sometimes arises within the first-year of purchase[7] cannot save Count II either because "before a putative class action can proceed past the pleadings stage, the plaintiff must be able to state her own viable claim that passes muster under Rule 12, not simply allege in conclusory terms that 'some' others meet the elements of an actionable cause of action that she herself cannot satisfy." Mot. at 6 (citations omitted). Plus, Samsung notes that even when questions regarding a plaintiff's standing to bring a claim on behalf of a class are deferred, the plaintiff herself has "always . . . stated an actionable claim as a threshold matter." *Id.* at 6-7 n.3 (citations omitted).

---

[7] The Court further agrees with Samsung that the allegation that the Flange Defect arises "in many instances in as soon as less than one year after purchase" is light on detail, Mot. at 6 n.2, and Plaintiff has provided no response in its Opposition to Samsung's point.

Plaintiff does not counter these points head-on other than to assert that the Court should not rely on the out-of-district opinions Samsung cites and to argue that she has alleged *her* washing machine was defective, which is sufficient to survive a motion to dismiss. Opp'n at 8-9. The Court is not persuaded by these contentions. *First*, because while Plaintiff is correct that this Court is not bound by other district court opinions, Plaintiff fails to meaningfully grapple with the reasoning in those opinions. For example, Samsung cites to a district court in the Third Circuit that explained that a named plaintiff must establish an injury that is particularized to them and may not rely on the "experiences of others" to survive a motion to dismiss. Mot. at 7 (quoting *In re McNeil Consumer Healthcare Mktg. & Sales Pracs. Litig.*, 877 F. Supp. 2d 254, 276 (E.D. Pa. 2012)). Plaintiff does not explain why the Court should not follow that case's reasoning, nor does she cite to a case that states a named plaintiff *can* rely on the "experiences of others" *instead of* stating her own particularized claim. *Second*, because the Court found that Plaintiff's washing machine allegedly began experiencing the Flange Defect outside the statute of limitations and relevant warranties, her allegations that her machine experienced the Flange Defect cannot be the basis for her claim (absent a tolling of the statute of limitations or a finding that the warranties were unconscionable).

In sum, the Court agrees with Samsung that the reasoning in the Prior Opinion regarding the dismissal of Plaintiff's breach of express warranty claim requires the Court to dismiss Plaintiff's claims for a breach of the implied warranties of merchantability and fitness for a particular purpose. Thus, to reconcile the findings in the Court's Previous Opinion, and to prevent manifest injustice, the Court will **DISMISS** Count II.

    **B.**  **Plaintiff's Unjust Enrichment Claim (Count IV) Must Also Be Dismissed**

Unjust enrichment claims may serve as an alternative theory of recovery in certain circumstances. For example, unjust enrichment claims may be pled in the alternative where "the

existence or applicability of a contract is in dispute." *Hickey v. Univ. of Pittsburgh*, 81 F.4th 301, 315 (3d Cir. 2023). As previewed in *supra* Section I.B, a contract's validity is successfully challenged when the Court finds the contract at issue to be unconscionable. Prior Op. at 29 (citing *Norcom Rsch.*, 2023 WL 1098188, at *4).

Plaintiff argues that "it cannot be seriously disputed that Plaintiff challenged the validity of Defendant's express warranty." Opp'n at 11. True; however, the Court rejected Plaintiff's allegations regarding the unconscionability of Samsung's warranties and found her challenge insufficient. As explained in detail above, the Court noted in the Prior Opinion that it was persuaded by the cases in this District that found warranties unconscionable when the plaintiff had alleged that class members had no meaningful choice in determining the terms of a warranty, there was a gross disparity of power between the class and the manufacturer, the terms of the warranty favored the manufacturer over the buyer, and the manufacturer had knowledge of a defect. Prior Op. at 23 (citations omitted). However, because Plaintiff failed to show that Samsung had knowledge over the Flange Defect, Plaintiff failed to allege that any warranty was unconscionable. *Id.* at 24. Thus, while a *successful* challenge to a contract's validity may permit a standalone unjust enrichment claim to proceed, Plaintiff has not made such a successful challenge. Here, the contract between Plaintiff and Samsung governs the subject matter of this dispute, and the unjust enrichment claim cannot survive. *See Van Orman v. Am. Ins. Co.*, 680 F.2d 301, 310 (3d Cir. 1982) ("[R]ecovery under unjust enrichment may not be had when a valid, unrescinded contract governs the rights of the parties."). Accordingly, the Court will **DISMISS** Count IV.

### C. Plaintiff's Injunctive Relief Claim (Count III) Must Be Dismissed

As the Court has dismissed Counts II and IV, the only remaining count is Count III, Plaintiff's claim for injunctive relief. A claim for injunctive relief is not a standalone cause of

action; rather, it is a requested remedy.  *Educ. Impact, Inc. v. Danielson*, No. 14-937, 2015 WL 381332, at *19 (D.N.J. Jan. 28, 2015) (citing *Chruby v. Kowaleski*, 534 F. App'x 156, 160 (3d Cir. 2013)).  With no remaining causes of action, the Court must **DISMISS** Count III as well.

## IV. CONCLUSION

For the reasons stated above, the Court will **GRANT** Samsung's Motion, as well as its motion for leave to file a reply brief, D.E. 53.  Because the Court has dismissed the remaining counts of the Complaint, the Court will **DISMISS** the Complaint *without prejudice*.  The Court will allow Plaintiff **45 days** to file an amended complaint.  An appropriate Order accompanies this Opinion.

Dated: December 28, 2025

/s/ Hon. Evelyn Padin
Evelyn Padin, U.S.D.J.